IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN LARIMER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-555 |
| v. | ) | |
| | ) | |
| ELJER, INC. (JACUZZI), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is DEFENDANT ELJER, INC.'S MOTION FOR SUMMARY JUDGMENT *(Document No. 15),* with brief in support. Plaintiff, Alan Larimer, has filed a response and Defendant Eljer, Inc. (Jacuzzi) ("Eljer"), filed a reply brief. The issues are ripe for disposition.

Factual and Procedural Background

Plaintiff asserts disability discrimination claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 *et seq.* On July 1, 2005 Eljer purchased all of the operating assets of the Eljer Plumbingware, Inc. facility in Ford City, Pennsylvania. Larimer had been an employee of Eljer-Plumbingware from August 1986 through June 2005. He had held several different positions, including "draw and clean," kiln operator and car builder. Larimer's last position was that of car builder, although he had been on medical leave since November 2004.

Eljer sent letters offering the opportunity to apply for employment to all former employees of Eljer-Plumbingware, including those who had been out on medical leave. The

offers of employment were contingent upon: (1) filling out an application; (2) passing a drug test; (3) being available to start work when scheduled; and (4) providing a medical certification that they were able to perform the essential functions of the job with or without reasonable accommodation. Eljer held open for six months the offers made to applicants who were unable to satisfy these conditions. Eljer hired every applicant who satisfied these conditions into the position each had last held at Eljer-Plumbingware.

On June 30, 2005, Larimer submitted an application for employment to Eljer. He listed his desired position as "car builder/laborer/high lift." The application further stated that Larimer was able to perform the essential functions of his current job "with reasonable accommodation." In response to a question regarding whether he was able to begin work immediately, Larimer stated: "Currently on STD and should/could be released relatively soon, provided accommodation is offered." The terms "laborer" and "high lift" are both duties that Larimer performed when he was a "car builder" and were part of the "car builder" job. The car builder position is physically demanding. A car builder stands for over five hours per shift and lifts weights from ten to over fifty pounds up to forty times per shift. Plaintiff acknowledges that the car builder position is not a "light duty" job, but rather is a "heavy duty" job.

On July 2, 2005, Eljer offered Larimer employment in a position equal to that which he had held at Eljer-Plumbingware. Since Larimer's last job had been as a "car builder," the offer from Eljer was for a car builder position. Larimer accepted the offer in person the same day, and passed a drug test. He described to Leroy Harnish, Eljer's Human Resources Manager, the type of accommodations he would need, including the use of a breathing mask and occasional breaks to catch his breath in addition to the scheduled breaks for all employees. Harnish allegedly

replied that there was no position available for him and that Larimer should apply for disability benefits from his former employer. Harnish further stated that Plaintiff would need to obtain a medical release back to full duty in order to return to work.

On July 14, 2005, Larimer submitted a note from his physician, Seema Guglani, M.D., which stated: "May return to work light duty. Call with any questions." Viewed in the light most favorable to Plaintiff, Harnish merely told Larimer upon receipt of Dr. Guglani's note that there were no positions available for him and that there was nothing further to discuss. Harnish did not attempt to contact Dr. Guglani, nor did he ask Larimer for any further information. Plaintiff never provided a medical certification that would have cleared him for heavy duty work. Eljer held the job offer open for six months, until January 2006, and then withdrew the offer.

On February 10, 2006, Plaintiff applied for disability assistance, stating that he was "unable to work at jobs requiring excessive heavy lifting, push/pull or up/down steps/grades due to limited lung capacity." On March 13, 2006, Plaintiff applied for Supplemental Security Income ("SSI") and Social Security Disability ("SSD") benefits. On the application, Plaintiff stated: "My disability began on November 23, 2004." Larimer explains that he was asked on the form only for his last day of work, not the date on which he became disabled, and that his mental and physical conditions had been brought under control by June 2005, before deteriorating again in November 2005. The Social Security Administration approved Plaintiff's claim and determined that he became disabled on November 23, 2004.

Standard of Review

>Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:
>
>[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

>The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Legal Analysis

ADA claims are analyzed under the familiar McDonnell-Douglas burden-shifting framework. To establish a prima facie case of disability discrimination, Plaintiff must show: (1) that he is disabled, as defined by the ADA; (2) that he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) that he suffered an adverse employment action as a result of discrimination. *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). If Plaintiff can make out a prima facie case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action, and if so articulated, the burden shifts back to Plaintiff to demonstrate that the employer's stated reason was pretextual. PHRA disability claims are governed by the same standards. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

Defendant contends that Plaintiff cannot establish a prima facie case of disability discrimination. There is no dispute that Larimer possesses the appropriate education, experience and skill necessary to perform the job of car builder, in that he actually held that position for several years. However, Defendant argues that as of July 2005, Plaintiff could not perform the essential functions of the job, even with accommodation. Plaintiff concedes that the car builder position is "heavy duty," but argues that he could perform heavy duty work in July 2005.

The essential dispute involves the interpretation of Dr. Guglani's note, which stated that Larimer "may return to work light duty." Specifically, Plaintiff argues that Dr. Guglani's reference to "light duty" does not indicate any exertional or lifting restriction, but rather, merely indicates that Larimer would need a breathing mask and occasional breaks to catch his breath in order to perform the job. Defendant, on the other hand, construes Dr. Guglani's reference to "light duty" as limiting Larimer to jobs that did not require him to lift more than twenty pounds. Eljer reasons that because the car builder position required repeated lifting of up to fifty pounds, Larimer was not medically cleared to perform the essential functions of that position.

The Court agrees with Defendant. The term "light duty" is a term of art that encompasses exertional limitations, particularly when used by a physician in a job-duties context. The Department of Labor's Dictionary of Occupational Titles 1013 (4th ed.1991), states that the term "light-duty" or "light work" refers to:

> Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly [for at least 2/3 of the time] to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires

6

>working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

See also *Jesurum v. Secretary, HHS*, 48 F.3d 114, 119 (3d Cir. 1995); 20 C.F.R. § 416.967(b),(d) (defining "light work" and "heavy work" in terms of exertional and lifting requirements). Thus, it was patently reasonable for Eljer to interpret Dr. Guglani's note as restricting Larimer to a job in which he was not required to lift more than twenty pounds. Because Eljer conditioned its job offer upon receipt of a medical certification that Larimer could perform the essential functions of a "heavy duty" job, Dr. Guglani's note did not fulfill that condition.[1] There is no evidence by which a reasonable jury could find that Larimer was certified to perform the essential functions of the car builder job. Thus, Plaintiff cannot establish a prima facie case of disability discrimination.

Even assuming, arguendo, that Dr. Guglani would have certified Larimer to perform the heavy duty lifting and exertional requirements of the car builder position, Eljer has met its obligation to articulate a legitimate, non-discriminatory reason for not hiring Larimer, namely, the lack of an unambiguous medical certification to perform heavy duty work. No reasonable jury could conclude, on this record, that Eljer's reason was pretextual. The novel interpretation of Dr. Guglani's note which Plaintiff now proposes in this litigation is wholly subjective and idiosyncratic, is not apparent from its text, and does not comport with the accepted industry usage or ordinary understanding of the term "light duty." At a minimum, it was incumbent upon Larimer to obtain a more definitive certification from Dr. Guglani to prove that he could perform

---

[1]Thus, as a matter of law, Larimer never became an employee of Eljer. Plaintiff does not contest the authority cited by Defendant for the principle that job applicants are not entitled to reassignment to a vacant position.

heavy duty work. Plaintiff's litigation argument also appears to be contrary to his understanding at the time. *See* Larimer Deposition at 55 (Larimer asked Dr. Guglani for a medical release for a non-light duty position, but Dr. Guglani refused because the emphysema was a permanent disability and told Larimer "there was no way I would ever be able to go back without accommodations."). The record reflects that Eljer hired all the persons who were able to obtain the appropriate medical clearance and kept its offer to Larimer open for six months, in accordance with its standard policy, yet Larimer never submitted such a certification. He can point to no similarly-situated comparator who was treated differently. In sum, no reasonable jury could conclude that Eljer's stated reason for its refusal to hire Larimer was a pretext for discrimination on the basis of his disability.[2] Simply put, he never obtained an appropriate medical clearance to perform the car builder job.

In accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR SUMMARY JUDGMENT *(Document No. 15)* of DEFENDANT ELJER, INC. is **GRANTED**. The clerk shall docket this case closed.

SO ORDERED this 20th day of December, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[2]The Court need not reach the issue of whether Larimer's receipt of Social Security Disability Benefits dating from November, 2004 impacts his ADA and PHRA claims.

cc: Dirk D. Beuth, Esquire
Email: dbeuth@penn.com
Neal A. Sanders, Esquire
Email: lonas@earthlink.net

Christopher K. Ramsey, Esquire
Email: cramsey@morganlewis.com
S. Beth Gollmar, Esquire
Email: sgollmar@morganlewis.com
Stanley F. Lechner, Esquire
Email: Slechner@morganlewis.com